NORFOLK & WESTERN RAILWAY COMPANY, a corporation, Plaintiff,

v.

NORTH AMERICAN CAR CORPORA-TION, a corporation, Defendant.

No. 76 C 715.

United States District Court, N. D. Illinois, E. D.

Aug. 16, 1978.

Marvin F. Metge and Phillip B. Bowman, Gorham, Metge, Bowman & Hourigan, Chicago, Ill., for plaintiff.

Matt P. Cushner, Sheldon Davidson, Pedersen & Houpt, Chicago, Ill., for defendant.

## FINDINGS OF FACT and CONCLUSIONS OF LAW

BUA, District Judge.

The instant case was tried to the court without a jury and taken under advisement. The court, after considering the stipulations, exhibits, and briefs, makes the following findings and conclusions under Rule 52(a) of the Federal Rules of Civil Procedure.

This is a suit by a common carrier subject to the Interstate Commerce Act of 1887, as amended, to recover tariff charges arising from the transportation of several empty railroad cars over the railroad lines of plaintiff and its connecting carriers to defendant's shop in Chicago Ridge, Illinois.

This court has jurisdiction pursuant to 49 U.S.C. § 1, *et seq.* and 28 U.S.C. § 1337.

On March 2, 1973, the defendant caused to be transported from Transitank Car Corporation, East Camden, Arkansas to North American Car Corporation, Chicago Ridge, Illinois, eighteen empty box cars moving on their own wheels. Prior to their movement each car had been used in commercial service for which the railroads derived line haul revenue.

At the time of the shipment each box car had printed upon its sides a railroad identification number marking, (5525 through 5542, consecutively), preceded by the letter marking "CFPX". Although the defendant submitted the proper car identification data to the publishers of the Official Railway Equipment Register (hereinafter referred to as ORER) at least ten days prior to the cars' movement, this data was not listed in the January 20, 1973 edition of the ORER in effect at the time of the shipment. To have been listed in that edition the data would have to have been submitted to the ORER at least thirty days prior to its publication.

Freight and transit waybills, and corrections thereto, were issued to the defendant in his capacity as consignee of each car. Corrected shipment charges claimed by the plaintiff are $356.24 per car or $6,412.32 for the movement of the eighteen cars.

On April 30, 1973, defendant caused an empty flat car, marked as "NAFX 390", to be transported moving on its own wheels from Detroit, Michigan to North American Car Corporation, Chicago Ridge, Illinois, for repairs. This car's marking was listed in the ORER as published and in effect on April 10, 1973. A freight waybill issued by plaintiff charged the defendant, in his capacity as consignee, $153.64 for the shipment.

The defendant has not paid the above shipment charges demanded by the plaintiff.

B. B. Mauer's Mileage Allowance Tariff 7–C, (Supp. 5), I.C.C. No. H–54, issued December 15, 1972 and effective February 1, 1973, provided for the movement of empty cars, under special circumstances, to be made free of charge. Section 2, Item 260–A, B., 2(c) of that Tariff provides as follows:

"An empty car, after having been loaded in commercial service on which the railroads derived line haul revenue, will be moved without charge to and from facilities for cleaning, lining, relining, maintenance, modification, or repair  . . . ."

Mileage Tariff 7–C also has a provision which governs its applicability to the shipment of empty cars. Section 2, Item 145–A of the tariff provides that:

"The rules and mileage allowances published (in this tariff) will not apply to cars that are not properly registered *in* the Official Railway Equipment Register, I.C.C. R.E.R. –384  . . . ." (emphasis added).

The issue, then, is whether defendant's submission of car identification data to the publishers of the ORER was sufficient to bring the transportation services performed by plaintiff within the scope of Mileage Tariff's no charge provision.

Defendant contends the operation of Item 145–A does not exclude applicability of the tariff's no charge provision because Item 145–A ought to be construed as merely requiring data submission. In support of this construction the defendant points to a subsequent change to Item 145–A of Mileage Tariff 7–C, issued by the Interstate Commerce Commission as Mileage Tariff 7–F, effective October 1, 1975. The change provides in pertinent part that the rules and allowances published in that tariff "will not apply to cars that are not properly submitted . . . for publication in the next succeeding issue (of the ORER), showing the . . . assigned reporting marks." The defendant contends that the reissued provision clarifies the original meaning and intent of the framers of Item 145–A of Mileage Tariff 7–C.

 This court does not agree. The language of Item 145–A is neither technical nor ambiguous. The construction given to the tariff can not be strained or unnatural. The clear and ordinary meaning of the item is that it required proper car identification data to be printed in the published issue of ORER in effect at the time of car movement. If the data was not printed in that publication the benefit of any no charge provision contained elsewhere in that section of the mileage tariff was inapplicable.

The defendant's reliance upon a subsequent change to Item 145–A is not appropriate. Ten months after the effective date of the subsequent change the Interstate Commerce Commission construed a provision of Mileage Tariff 7–B, (essentially similar to Item 145–A of Mileage Tariff 7–C), as clearly requiring car identification data to be contained in the ORER issue effective at the time of car movement. Without satisfaction of that condition precedent, the rules and allowances of that tariff were held inapplicable. *Andy Equipment, Inc. v.*

*Roscoe, Snyder and Pac. Ry. Co.,* 12 I.C.C. Supp. 885 (1976).

Since none of the identification markings of the eighteen empty box cars in the instant case were properly contained in the then effective issue of the ORER, the free movement provision of Item [260–A,] B., 2(c) of Mileage Tariff 7–C does not apply to their transportation. It does, however, apply to the movement of the empty flat car identified as "NAFX 390".

In light of the conclusions as aforesaid, judgment will enter for the plaintiff in the amount of $6,412.32, plus prejudgment interest from the date of shipment to the date of entry of judgment, August 16, 1978, *Louisiana & Ark. Ry. Co. v. Export Drum Co.,* 359 F.2d 311 (5th Cir. 1966). Prejudgment interest is to be computed at a rate of five per centum per annum. Ill.Rev.Stat., ch. 74 § 2. When computed, this prejudgment interest amounts to $1,748.89 (computed as 5 years, 166 days). Judgment shall therefore be entered in the sum of $8,161.21 plus costs.